IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR. and E.H.,

                Plaintiff,

v.

CHIEF MOORE, DEPUTY CHIEF #1, DEPUTY
CHIEF #2, SGT. SEVERSON, UNKNOWN OFFICER
#1–#5, LT. #1, LT. #2, OFFICER #1–#4, FIRST
SHIFT CITY HALL, SECOND SHIFT CITY HALL,
CITY HALL ORGANIZATION, UNKNOWN
OFFICER A, TAML STAEHLER, RICK FETTING,
JULIE HASENSTAB, JESSICA HOLMES, ATTORNEY
RUTH WESTMONT, KRISTEN LYNN ALDERSON,
JUDGE JACOB B. FROST, JUDGE, JIM NIETJEL,
SARAH, JANESVILLE MILTON AVE POST OFFICE,
DIVISION OF HEARING AND APPEALS
ADMINISTRATOR, JANESVILLE BANK
ORGANIZATION OWNER/EMPLOYER, UNITED
STATES POST OFFICE ORGANIZATION, and
JANESVILLE BANK COMPANY,

                Defendants.

OPINION and ORDER

21-cv-555-jdp

---

      Pro se plaintiff Timothy Lee Stewart, Sr. has filed a proposed civil action against more than 30 individuals and entities, most of whom appear to be located in Janesville, Wisconsin. (Stewart also included "E.H." as a plaintiff, but there is no explanation in the complaint about who E.H. is or why E.H. was named as a plaintiff, so I will disregard E.H. for now.) Stewart is proceeding without prepayment of the filing fees for this action. Usually, the next step would be for the court to screen the complaint to determine whether there is a basis for exercising jurisdiction, and to determine whether any claims should be dismissed as legally frivolous, malicious, for failure to state a claim upon which relief may be granted, or because Stewart is asking for money damages from a defendant who by law cannot be sued for money damages.

28 U.S.C. § 1915(e)(2)(B). However, I cannot conduct the required screening because Stewart's complaint provides no information about his claims against defendants. I will give Stewart an opportunity to file an amended complaint that clarifies his claims.

ANALYSIS

Federal courts have limited jurisdiction, which means that they may hear a case only if Congress or the Constitution authorizes it. Generally, this court may consider only cases: (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in suit are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. Federal district courts have an obligation to screen all complaints to determine whether there is a basis for exercising jurisdiction. *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005).

Federal courts also review complaints to determine whether they comply with Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights. Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

I cannot tell whether this court has jurisdiction over Stewart's claims, because Stewart's complaint, even with the attachments, includes no factual allegations about who the numerous defendants are or what adverse actions they took against Stewart. In addition, because Stewart's complaint includes no factual allegations, it does not meet the requirements of Rule

8. It is not clear from his complaint what he believes the numerous defendants did to violate his rights.

Because of those deficiencies, I will dismiss Stewart's complaint without prejudice. Stewart may file an amended complaint that includes the allegations that are missing. If he chooses to file an amended complaint, he should draft it as if he is telling a story to people who know nothing about his situation. He should state clearly what happened, when it happened, and what each individual defendant did, or did not do, that Stewart believes violated his constitutional rights. He should keep his complaint short and to the point, and he should set forth his allegations in separate, numbered paragraphs. After he finishes drafting his amended complaint, he should review it and consider whether it would be understood by someone who is not familiar with the facts of his case.

If Stewart files an amended complaint that provides a clear basis for federal jurisdiction, complies with Rule 8, clarifies the factual basis of his claims, and explains why the named defendants should be held liable for the harm Stewart has suffered, I will screen the amended complaint to determine whether Stewart may proceed further with his lawsuit.

ORDER

IT IS ORDERED that Timothy Lee Stewart, Sr.'s complaint is DISMISSED without prejudice for its failure to establish subject matter jurisdiction and failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Stewart may have until November 29, 2021 to file an amended complaint that complies with Rule 8 and establishes subject matter jurisdiction. If Stewart does not file an amended complaint by November 29, the clerk of court is directed

to close this case.

Entered November 10, 2021.

                                            BY THE COURT:
                                            /s/

                                            _____
                                            JAMES D. PETERSON
                                            District Judge