IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

                Plaintiff,

v.

CHIEF MOORE, DEPUTY CHIEF #1, DEPUTY
CHIEF #2, SGT. SEVERSON, UNKNOWN OFFICER
#1–#5, LT. #1, LT. #2, OFFICER #1–#4, FIRST
SHIFT CITY HALL, SECOND SHIFT CITY HALL,
CITY HALL ORGANIZATION, UNKNOWN
OFFICER A, TAML STAEHLER, RICK FETTING,
JULIE HASENSTAB, JESSICA HOLMES, ATTORNEY
RUTH WESTMONT, KRISTEN LYNN ALDERSON,
JUDGE JACOB B. FROST, JUDGE, JIM NIETJEL,
SARAH, JANESVILLE MILTON AVE POST OFFICE,
DIVISION OF HEARING AND APPEALS
ADMINISTRATOR, JANESVILLE BANK
ORGANIZATION OWNER/EMPLOYER, UNITED
STATES POST OFFICE ORGANIZATION, and
JANESVILLE BANK COMPANY,

                Defendants.

OPINION and ORDER

21-cv-555-jdp

---

In a previous order, I dismissed pro se plaintiff Timothy Lee Stewart's complaint for its failure to establish subject matter jurisdiction and failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Stewart had named more than 30 individual and entities as defendants, but his complaint included no factual allegations about who the numerous defendants were or what adverse actions they had taken against Stewart. I gave Stewart an opportunity to file an amended complaint that clarified his claims.

Unfortunately, Stewart's amended complaint does not comply with the Federal Rules of Civil Procedure either. Stewart has filed a 52-page amended complaint that identifies 10 claims against various individuals and entities. Dkt. 7. His amended complaint provides

detailed allegations about alleged unlawful actions taken against him, but the complaint has several other problems that I will discuss below. I will give Stewart a final opportunity to correct these problems and to file an amended complaint that complies with the federal rules.

ANALYSIS

Stewart's complaint has three main problems: (1) it contains several unrelated claims against different defendants; (2) it names improper defendants; and (3) it includes claims challenging state court decisions. I will discuss these problems below, and I will instruct Stewart on how to fix them.

A. The complaint includes unrelated claims against different defendants

Stewart's proposed amended complaint discusses a large range of incidents, which Stewart organizes into 10 separate claims. Although some of Stewart's allegations and claims appear related to each other, most of the allegations appear to involve distinct incidents that occurred at different times and involved different individuals. For example, Stewart's allegation that court staff refused to process his name-change application is completely unrelated to Stewart's allegations that postal staff refused to notarize his documents and that police harassed him because of his pit bull. Under the Federal Rules of Civil Procedure, these disparate claims cannot proceed together in the same lawsuit. *See* Fed. R. Civ. P. 18, 20; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In particular, Rule 20 prohibits litigants from bringing unrelated claims against different defendants in a single action. *See George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007). And even when the claims are related, the court has authority under Rule 21 and its inherent authority to sever a lawsuit when it would be unwieldy to allow a

plaintiff to bring multiple claims against many different defendants in a single case. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018).

I will give Stewart an opportunity to file an amended complaint that focuses on a single incident or a series of clearly related incidents. Stewart should review the 10 claims in his proposed amended complaint and determine which of those claims he wants to pursue in case number 21-cv-555. The claims must be clearly related to each other, either because the underlying incidents were substantially similar, because they involved the same individual defendants, or because the incidents were causally related to each other. After Stewart decides with which claims he would like to proceed in this case, he must then file an amended complaint limited solely to those claims.

If Stewart wishes to pursue additional unrelated claims, he will need to file them as separate cases. But Stewart should consider carefully whether he would be able to litigate multiple suits at the same time. Stewart may also choose not to pursue his other claims at this time. He could pursue them later, so long as the statute of limitations applicable to those claims has not run out.

**B.  The complaint names improper defendants**

Another problem with Stewart's proposed amended complaint is that he identifies several individuals and entities as potential defendants that likely are not proper defendants in a case brought under 42 U.S.C. § 1983, which is the statute by which Stewart can sue government officials for federal constitutional violations. First, some of Stewart's defendants, such as the Janesville Bank, are not government actors. Only government actors, or those acting under the color of law, could violate Stewart's constitutional rights. *West v. Atkins*, 487 U.S. 42, 49 (1988).

Second, Stewart names institutional defendants that are not proper defendants, such as "City Hall Organization" and "Janesville Milton Avenue Post Office." There likely is no entity called "City Hall Organization," and the Milton Avenue Post Office is just a building that cannot be sued. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). But even if these were actual, suable entities, most federal constitutional claims under § 1983 must be brought against the individual person who violated the plaintiff's rights. An institution can be liable for the actions of its employees only if the violations were caused by an official policy, a custom or practice, or an official with final policy-making authority. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1971). So to state a claim against an institutional defendant, Stewart would need to allege facts suggesting that his constitutional injuries were caused by an official policy, a custom or practice, or an official with final policy-making authority.

Third, it appears that Stewart named some defendants because of their position as the head of an organization. But a supervisory official, such as the chief of police or the head of a probation office, cannot be liable for the actions of their subordinates simply because he or she is a supervisor. *See Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). To state a claim against an individual defendant, Stewart must allege sufficient facts showing that the defendant personally caused or participated in a constitutional deprivation. *Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("Individual liability under § 1983 requires personal involvement in the alleged constitutional violation.").

Fourth, Stewart names multiple state court judges as defendants, based on decisions the judges made in cases involving Stewart. But judges cannot be sued for performing acts within the judge's jurisdiction, as they are protected by judicial immunity. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006).

4

Stewart must address these problems in an amended complaint that: (1) omits claims against judges or entities that cannot be sued; (2) names as defendants only the specific individuals responsible for the various violations he alleges; and (3) if he chooses to sue an institutional defendant, explains how the constitutional violations in question arose out of an official policy, custom, or practice.

**C. The complaint includes claims over which this court lacks jurisdiction**

Stewart's proposed amended complaint includes allegations that Rock County Circuit Court issued orders or made decisions adverse to Stewart. But federal courts generally cannot review state court decisions. *See Exxon Mobil Corp. v. Saudi Industries Corp.*, 544 U.S. 280, 291–92 (2005). Generally, litigants who believe that a state court proceeding has violated their federal rights must assert those rights in state court and then appeal that decision through the state court system and, as appropriate, to the United States Supreme Court. *Golden v. Helen Sigman & Associates, Ltd.*, 611 F.3d 356, 361-62 (7th Cir. 2010). In his amended complaint, Stewart should omit any claim seeking to challenge a state court ruling.

**D. Conclusion**

To summarize, I am dismissing Stewart's proposed amended complaint for the reasons explained above. Stewart will have three weeks in which to file a second proposed amended complaint. In doing so, Stewart should (1) focus his allegations on a single incident or a series of clearly related incidents; (2) carefully consider whether he is naming proper defendants; and (3) omit claims seeking to challenge state court decisions.

In addition, Stewart should follow the directions I provided in the previous order. He should:

- Identify all of the individuals he wishes to sue in the caption of the complaint. If he does not know the name of an individual defendant, he should identify the defendant as "John Doe" or "Jane Doe."

- Describe simply and concisely what acts he believes each defendant took that violated his rights, using separate, numbered paragraphs.

- Describe what relief he is seeking.

- Omit legal arguments.

- Refrain from filing exhibits with his complaint, including state court documents, police citations, and communications from city officials. All of the allegations relevant to Stewart's claims must be included in his complaint, so I will not consider information contained in attachments.

If Stewart files an amended complaint, I will screen the claims to determine whether they state a claim upon which relief may be granted. If he does not provide an amended complaint by the date below, I will dismiss this case for his failure to prosecute it.

ORDER

IT IS ORDERED that Timothy Lee Stewart, Sr.'s motion for leave to file an amended complaint, Dkt. 7, is DENIED. Stewart may have until May 31, 2022 to file an amended

complaint as set forth above. If Stewart does not file an amended complaint by May 31, 2022, the clerk of court is directed to close this case.

Entered May 6, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge