IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

                Plaintiff,

    v.                                              OPINION and ORDER

DREW SEVERSON, AISHA BRUNTON,             21-cv-555-jdp
and MICHAEL PALMER,

                Defendants.[1]

---

    Plaintiff Timothy Stewart alleges that Janesville Police Department officials blocked his attempt to make a complaint of misconduct against defendant Sergeant Drew Severson. This order addresses numerous filings by the parties.

**A. Parties**

    I granted Stewart leave to proceed on the following claims:

- First Amendment retaliation claims and equal protection "class of one" claims against defendant Drew Severson, John Doe switchboard operator, and John Doe officer.

- A race-based equal protection claim against defendants Severson and John Doe officer.

    Stewart previously identified the John Doe defendants as Aisha Brunton and Michael Palmer. *See* Dkt. 45. The parties' subsequent filings make clear that both Brunton and Palmer are Rock County switchboard operators and that the parties agree that John Doe officer is Jason Bier. Counsel for Severson states that they are also representing Bier in this case. So I will direct the clerk of court to amend the caption by adding Bier.

---

[1] I have amended the caption to correct the spelling of defendants' names, as reflected in their filings.

### B. Motions to amend complaint

Stewart has made multiple attempts to amend his complaint to add additional defendants, including high-ranking officials in the Janesville Police Department. Dkts. 40; 41; 43. None of these filings is a proper amended complaint including allegations of fact against both the existing and new defendants. And as with his prior attempts to amend the complaint, nothing in Stewart's new filings suggests that high-ranking police officials violated his rights regarding the specific incident at issue in this lawsuit. So I will deny his motions to amend the complaint.

### C. Discovery motions

#### 1. Stewart's motions

Stewart previously objected to the Janesville defendants' failure to identify the John Doe defendants, stating that when he called the police department himself, he was able to obtain that information. I concluded that Stewart's objection was mooted in terms of compelling discovery he was able to identify the John Doe defendants. Dkt. 45. But I treated his filing as a motion for discovery sanctions and I had the Janesville defendants respond. *Id.* The Janesville defendants now explain that Stewart asked only about the identity of the switchboard operators, the identities of whom they did not know because those employees worked for Rock County, not the city of Janesville, and that Stewart contacted Rock County to get that information, not Janesville. Dkt. 51. That response satisfies me that the Janesville defendants did not engage in misconduct; I will deny Stewart's motion for sanctions.

Stewart has also filed a series of motions stating that defendants have not complied with discovery requests and that the Rock County defendants failed to answer the complaint, and asking for a hearing on these issues. Dkts. 61; 75; 78; 79; 81–83; 85; 86.

Stewart is incorrect about the timing of the Rock County defendants' answer: because they filed a waiver of service, they had 60 days after the waiver was sent to them to file their answer, and they met that deadline.

As for his various motions to compel discovery, none of them include his actual discovery requests and defendants' responses, as the court told him he must include with a motion to compel. That alone is a reason to deny his motions to compel. The Janesville defendants submitted a portion of Stewart's discovery requests to show that he submitted requests titled as "requests for admissions" that were really questions posed to defendants in excess of the usual 25 interrogatory limit. This appears to be a simple enough case that there is no reason to allow Stewart more than 25 interrogatories. The Janesville defendants properly objected to those requests.

Otherwise, Stewart appears to seek documents related to the events in question and more generally about what he perceives to be a large conspiracy to conceal the officers' misconduct in this case. If what Stewart seeks are (1) communications between the Janesville police officers and the Rock County dispatchers; or (2) documents regarding an investigation into Stewart's citizen complaint about defendant Severson; he has already been given those documents. And as I have previously explained to him multiple times in denying him leave to amend his complaint, this case is centered on two specific encounters that Stewart had with police on the same night. I did not grant him leave to proceed on claims that high ranking officials conspired to endorse or cover up the officers' actions. Stewart may obtain only discovery that is relevant to the case.

**2. Janesville defendants' motions**

The Janesville defendants have filed motions for sanctions or for a hearing on alleged discovery misconduct by Stewart, most notably that he has called counsel a liar and threatened to "come after" him and that Stewart would "remember his name," calling himself a "fuckin' gangsta" and threatening to file additional lawsuits against counsel and other Janesville officials for what he perceives as misconduct on their part. *See* Dkts. 42; 50; 51. Stewart indeed filed a baseless lawsuit against counsel and Janesville police officers for alleged perjury in connection with identification of the John Doe defendants, which I dismissed. *See* Dkt. 45 (dismissing *Stewart v. Truesdale*, Case No. 23-cv-249-jdp).

This court generally allows pro se litigants some leeway in navigating unfamiliar litigation procedures. And some of Stewart's filings suggest that he has suffered from mental health issues. Nonetheless, it is unacceptable if Stewart has made the threatening comments attributed to him by defendants. I will have Stewart show cause why he should not be sanctioned for making these comments. At minimum, I expect Stewart's response to include a declaration, sworn under penalty of perjury, addressing defendants' allegations about his use of threatening language. After receiving Stewart's response I will consider whether a hearing on sanctions will be necessary.

The Janesville defendants have filed a separate motion to compel discovery and request for discovery sanctions. Dkt. 59. Defendants seek sanctions against Stewart for knowingly making false statements in his discovery responses, particularly by continuing to state that defendants Severson and Bier aimed racial slurs and other derogatory remarks at him during their interactions even though bodycam footage provided by defendants does not include any such language. I will defer a ruling on this issue because it gets to the substance of Stewart's

Fourteenth Amendment claims that must first be resolved at summary judgment or trial. I'll address this motion at the same time I address the Janesville defendants' other motions for sanctions regarding Stewart's alleged threatening language.

The Janesville defendants also seek to compel release of Stewart's mental health records, stating that such records are relevant because Stewart has opened the door to that evidence by alleging that defendants intimidated him in part by making disparaging remarks about his mental health. I am not convinced that defendants are entitled to seek such intrusive information because it is unclear why Stewart's mental health records are relevant to his claims: the *truth* of his underlying mental health condition at the time of the events is irrelevant if defendants didn't know about any such diagnoses at the times they interacted with him. And in any event this issue appears to be moot because Stewart has filed an authorization for the release of health information. Defendants state that Stewart has not told them what specific providers treated him; that is a topic that the parties should confer about. I will deny the motion to compel without prejudice, subject to defendants refiling a motion explaining why they need such evidence for later stages of the case.

### D. Summary judgment motions

The Janesville defendants and the Rock County defendants have both filed motions for summary judgment. Dkt. 90 and Dkt. 103. Stewart has filed multiple submissions that he calls motions for summary judgment, and that in part respond to defendants' summary judgment motions. Dkts. 98; 101; 102; 113; 114; 125. But none of Stewart's filings fully comply with this court's procedures for briefing summary judgment motions, which this court included with its preliminary pretrial conference order. *See* attachment to Dkt. 22, at 2–6. As with many of his filings in this and other cases, Stewart's proposed summary judgment submissions are

unfocused and rambling. He did not file separate (1) briefs containing argument and (2) proposed findings of fact citing evidence supporting those facts. Both sets of defendants have responded to the portion of one of Stewart's filings titled "Facts; Statement of Case" as his proposed findings of fact even though Stewart does not support those facts with citations to underlying evidence. *See* Dkt. 102, at 33–38 (Stewart's filing); Dkt. 110 (Rock County defendants' responses); Dkt. 118 (Janesville defendants' responses).

I will consider Dkt. 102 to be Stewart's operative motion for summary judgment and I will deny his other motions. I will not require him to refile Dkt. 102 to correct its deficiencies. I will give him a final chance to squarely respond to defendants' motions for summary judgment by filing (1) numbered responses to each set of defendants' proposed findings of fact, with each response citing admissible evidence; and (2) any evidence that the parties have not already submitted on the docket. In particular, because Stewart has not yet done so, I will direct him to support his summary judgment filings by submitting a declaration, sworn under penalty of perjury, explaining his firsthand account of his interactions with defendants and addressing the bodycam video evidence that defendants have provided. If Stewart seeks to cite other evidence already on the docket, he need cite only the relevant pages in the docket; he need not resubmit that evidence.

I will direct the clerk of court to send Stewart another copy of the attachments to the court's preliminary pretrial conference order to assist him in following the court's summary judgment procedures.

E. Other motions

In this and other of his cases Stewart has copied the court on what he calls a request for the Federal Bureau of Investigation to investigate misconduct by defendants and others in the

6

Janesville Police Department. Dkt. 87. I will take no further action on this filing because this court's role is to resolve disputes in the context of lawsuits, not to initiate criminal investigations.

Stewart has filed motions seeking waiver of fees to at his local library to make copies of documents in various cases that he has filed in this court. Dkts. 68 and 116. I have already told Stewart that he cannot file motions seeking relief in multiple cases at the same time. And in any event, this court cannot order a library to give Stewart free copies. I warn Stewart that he bears the responsibility for his significant litigation costs because he has chosen to file more than 20 civil rights lawsuits in this court over the past few years, and he has filed dozens of motions in this case alone. Stewart also asks the court to pay for an expert to assess the authenticity of the bodycam footage. But Stewart doesn't present any plausible reason to doubt the authenticity of the video, so there isn't any reason to consider a court-appointed expert. I will deny these motions.

Stewart has filed motions for the court's assistance in recruiting him counsel. Dkts. 65 and 131. But I am not convinced that this case is too complex for Stewart to handle himself. To the contrary, the case appears to be relatively simple and hinges on Stewart's interactions with defendants, of which he has firsthand knowledge. He should be able to follow the court's instructions on filing summary judgment materials. So I will deny his motions for the court's assistance in recruiting him counsel.

Stewart has filed a motion seeking an injunction against non-defendant Andrew Banks and Janesville police officers, Dkt. 115, which I will deny. Stewart titles his request as one for a permanent injunction, which I could only consider if Stewart wins his claims and such relief is appropriate. But Banks isn't a defendant in this case. From Stewart's filing it appears that a

7

state court has already issued a restraining order against Banks, but this court cannot enforce that order.

**F.  Stewart's use of the electronic filing system**

The court has given Stewart permission to use the court's electronic filing system. But he has misused that system by assigning paragraph-long titles to many of his motions. Also, the clerk of court has informed me that Stewart has mischaracterized various motions as "notices," and he has linked some of his filings to multiple pending motions, making it difficult for the clerk's office to process his submissions.

I will direct the clerk of court to send Stewart a copy of this court's electronic procedures. Those are not comprehensive rules on how each type of document must be filed, but they may provide some guidance for Stewart. Additionally, I will warn him to do the following moving forward in this case and in his other pending cases or future cases in this court:

- He should take care to pick the correct category of event for each of his filings, and he should limit the title of each submission to no more than 20 words. Document titles should not include argument.
- He should internally link individual submissions to only one motion at a time.

Should Stewart fail to follow these instructions I will consider curtailing or revoking his electronic filing privileges.

ORDER

IT IS ORDERED that:

1.  The clerk of court is directed to add Jason Bier as a defendant in the caption.

2.  Plaintiff Timothy Stewart's motions to amend the complaint, Dkts. 40; 41; 43, are DENIED.

3. Plaintiff's motion for discovery sanctions, Dkt. 36, is DENIED.

4. Plaintiff's motions to compel discovery, Dkts. 61; 75; 78; 79; 81–83; 85; and 86, are DENIED.

5. Plaintiff may have until January 16, 2024, to respond to the Janesville defendants' motions for sanctions, Dkts. 42; 50; 51.

6. The Janesville defendants' motion to compel discovery, Dkt. 59, is DENIED.

7. Plaintiff may have until January 16, 2024, to respond to defendants' motions for summary judgment as directed in the order above. Defendants may have until January 26, 2024, to file their replies.

8. Plaintiff's summary judgment motions at Dkts. 98; 101; 102; 113; 114; and 125, are DENIED as unnecessary.

9. Plaintiff's motions for waiver of copy fees, Dkts. 68 and 116, are DENIED.

10. Plaintiff's motions for the court's assistance in recruiting him counsel, Dkts. 65 and 131, are DENIED.

11. Plaintiff's motion for injunctive relief, Dkt. 115, is DENIED.

12. All of plaintiff's remaining motions are DENIED.

13. The clerk of court is directed to send plaintiff another copy of the attachments to the court's preliminary pretrial conference order, and a copy of the court's electronic filing procedures.

Entered December 15, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge